IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
NASHVILLE DIVISION

|  |  |
|---|---|
| **JOHN MEYERS** <br> Plaintiff, <br><br> v. <br><br> **MIDDLE TENNESSEE STATE UNIVERSITY** <br> Defendant. | Case No. <br> District Judge <br> Magistrate Judge <br><br> **JURY DEMAND.** |

## COMPLAINT

Plaintiff John Meyers ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant Middle Tennessee State University ("Defendant" or "MTSU").

### I. INTRODUCTION

Plaintiff John Meyers has a heart condition.

### II. JURISDICTION & VENUE

1. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331.

2. The claims asserted in this action arose in Rutherford County, Murfreesboro, Tennessee; therefore, the proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

3. Plaintiff John Meyers is an adult resident of Coffee County, Tennessee, and a citizen of the United States.

4. At all relevant times, Plaintiff was an "employee" of MTSU, a university located in Murfreesboro, Tennessee.

5. MTSU is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(2).

6. MTSU's principal place of business is 1301 East Main Street, Murfreesboro, Tennessee, 37132.

7. MTSU employs more than 500 employees.

### IV. ADMINISTRATIVE PREREQUISITES

8. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I and Title V of the ADA.

9. Plaintiff timely filed his charge of discrimination with the EEOC. (See Exhibit A.)

10. Plaintiff timely filed this Complaint within ninety days of the receipt of a Notice of Right to Sue issued by the EEOC. (See Exhibit B.)

### V. RELEVANT FACTS

11. Plaintiff John Meyers ("Plaintiff") is a qualified individual with a disability within the meaning of the **Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008**, Pub. L. No. 101–336, 104 Stat. 327 (1990), codified as amended at **42 U.S.C. § 12101 et seq.**

12. Complainant John Meyers brings this action under the Americans with Disabilities Act Amendments Act (ADAAA) against his former employer, Middle Tennessee State University.

13. Meyers was initially diagnosed with congestive heart failure in December 2021.

14. The University recognized his disability and allowed him to take leave under the Family and Medical Leave Act (FMLA).

15. Meyers had several instances of FMLA leave due to FMLA-qualifying serious health conditions.

16. In some instances, Meyers exhausted his FMLA leave and was granted additional leave.

17. Upon return from FMLA leave in May of 2023, Meyers was able to perform the major

functions of his job with some restrictions.

18. His primary restriction was that he could not work more than 40 hours per week.

19. In April, Meyers's supervisor informed him that he would be required to work 70-hour weeks starting in June.

20. Meyers requested a reasonable accommodation in the form of allowing him to work no more than 40 hours per week.

21. Meyers produced a letter from his doctor that listed among the restrictions, no working more than 40 hours a week.

22. Meyers gave all of his medical paperwork to his supervisor, J.P. Kraft, who saved it to his personnel file.

23. His supervisor, J.P. Kraft, approved his request.

24. A week later, Kraft left his job with MTSU.

25. Daniel Wynne, Assistant Director of Housing and Facilities did not recognize Kraft's approval.

26. Wynne told him that he could make no exceptions to the 70 hours a week schedule.

27. He was given no accommodation of any kind.

28. Meyers could not return to work under these conditions as it would threaten his health and possibly his life.

29. MTSU did not respond to Meyers regarding his accommodations.

30. MTSU did not engage in an interactive process to determine whether the accommodation was reasonable.

31. Meyers's last day was July 27, 2023, and he received a final paycheck on June 30, 2023, without any word from the University on his status or whether they would allow him to work in a

safe manner.

VI.     CAUSES OF ACTION

A.     **Discrimination based on Disability**

32. Plaintiff is a qualified individual with a disability, as defined by the ADA, 42 U.S.C. § 12102, 12111, as amended.

33. Plaintiff was disabled by a chronic heart condition requiring multiple surgeries..

34. MTSU knew that Plaintiff had a disability and approved FMLA multiple times during Plaintiff's tenure with the University.

35. MTSU failed to honor the previously agreed to accommodation and refused to engatge Plaintiff in a meaningful interactive process.

36. MTSU discriminated against Meyers by forcing him to resign rather than accommodating his reasonable request.

VII.     PRAYERS FOR RELIEF

37. WHEREFORE, Mr. Meyers prays that he be granted the following relief:

    A.     Enter judgment against MTSU, declaring that the actions of MTSU violate the ADA, and enjoin MTSU from further discriminatory or retaliatory practices;

    B.     Order MTSU to pay Plaintiff back pay, lost benefits, and other pecuniary losses proximately caused by MTSU's unlawful conduct, including an appropriate amount to offset increased tax consequences of any lump sum payment;

    C.     Order MTSU to pay Plaintiff front pay and the value of future lost benefits;

    D.     Order MTSU to pay Plaintiff compensatory damages in an amount to not less than $300,000.00;

E. Order MTSU to pay Plaintiff punitive damages in an amount to be determined by a jury;

F. Order MTSU to pay all costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees as allowed by law;

G. Grant Plaintiff John Meyers all such further relief as he is entitled to under law and/or as the Court deems just and proper; and

H. Plaintiff requests a jury trial in this case.

Respectfully Submitted,

_____
DAVID WEATHERMAN (TBPR 29446)
256 Seaboard Lane
Suite E 105
Franklin, TN 37067
615-538-7555
david@theweathermanfirm.com

_____
DANIEL ARCINIEGAS (TBPR #35853)
256 Seaboard Lane
Suite E 105
Franklin, TN 37067
629-777-5339
Daniel@AttorneyDaniel.com

Attorneys for Plaintiff